**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

LARRY EUGENE BARKER,                                                                    PETITIONER

v.                                            5:11-cv-00093-JJV

RAY HOBBS, Director,
Arkansas Department of Correction                                                      RESPONDENT

**ORDER**

Petitioner, Larry Eugene Barker, by and through his attorney, Richard E. Worsham, brings this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1.)

**I.     BACKGROUND**

On September 22, 2003, Mr. Barker entered a plea of *nolo contendere* to one count of rape stemming from the sexual abuse of his step-daughters in Baxter County, Arkansas, Circuit Court, case number CR2002-107. (Doc. No. 7, Ex. B.) A judgment and commitment order was entered September 30, 2003, sentencing Mr. Barker to 204 months in the ADC.

On May 7, 2007, Mr. Barker filed a petition for writ of error *coram nobis* in state court. (Doc. No. 7, Ex. C.) Mr. Barker alleged there was material evidence withheld by the prosecution. (*Id.*) Namely, Mr. Barker argued that one of the state's star witnesses, Robert Starr, had been charged and convicted of sexual abuse of one of Mr. Barker's victims. (*Id.*) Mr. Barker stated in his petition for writ of error *coram nobis* that "it appears from the investigation [by Mr. Barker's hired private investigator] that Robert Starr was instrumental in the charges being brought against Defendant at the same time that he was having a sexual relationship with the victim." (*Id.*) According to Mr. Barker, the failure of the State to inform him of Robert Starr's involvement in the case, "including the participation in the interview of the alleged victim" was a violation of *Brady*

1

*v. Maryland.*[1] (*Id.*) On June 6, 2007, Mr. Barker filed an amended petition for writ of error *coram nobis*. (Doc. No. 7, Ex. D.)

The court held a hearing on the petition for writ of error *coram nobis* on September 18, 2008. (Doc. No. 7, Ex. E.) On September 23, 2008, the circuit court denied Mr. Barker's petition, finding that:

> After reviewing the exhibits containing documents pertaining to Robert Starr, it appears that they offer little in the way of exculpatory evidence for Mr. Barker. Whatever the documents and other information regarding Mr. Starr could have been used for by Mr. Barker, the gist of it was provided to Mr. Crain prior to Mr. Barker entering his plea. Moreover, if the Court were to accept Mr. Barker's allegation that the prosecutor withheld material evidence regarding Robert Starr, there was no proof that Mr. Barker would not have entered his plea had he known about the evidence. In short, there was no evidence that Mr. Barker was prejudiced or that entry of the earlier judgment of conviction would have been precluded.

(Doc. No. 7, Ex. F.)[2]

Mr. Barker appealed the denial of his petition for writ of error *coram nobis* to the Arkansas Supreme Court. (Doc. No. 7, Ex. G.) He asserted two points on appeal: (1) "that the matter should be remanded to the circuit court for a new hearing on his petition because part of the transcript from the previous motion [was] not included in the record;" and (2) the State withheld material evidence. (*Id.*) The Arkansas Supreme Court affirmed the decision of the circuit court on September 30, 2010. (*Id.*) In denying the first point on appeal, the Arkansas Supreme Court held that Mr. Barker's argument was "conclusory and without citation to any supporting authority." (*Id.*) Furthermore, the Arkansas Supreme Court held that Mr. Barker was not entitled to *corum nobis* relief on his second point because:

> First, the evidence at issue, Starr's relationship with A.A. and resulting arrest and

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963.)

[2] Mr. Crain was Mr. Barker's trial counsel.

conviction is not exculpatory. The fact that one of his victim's had an inappropriate sexual relationship with someone else has no impact on Appellant's own actions and subsequent plea. Even if considered to be impeaching evidence, it is still not favorable to Appellant, such that it could cast doubt on his guilt. Second, there was no evidence introduced that the State withheld this information. Crain testified that he knew of Starr's arrest prior to Appellant's plea. He also stated that he received documents from the State related to Starr's arrest and the charges against him. Moreover, Chism, the prosecutor, testified that he provided Crain with that information, discussed Starr's case with Crain, and that news of Starr's arrest had made the front page of the Baxter Bulletin. Appellant was not able to refute this evidence. Finally, Appellant makes no allegation that he was prejudiced by not knowing this information. In his petition, he speaks of the State's requirement of ensuring that they arrest the correct person, but he never specifically claims his innocence – or even claims that he would never have entered the plea had he known the information about Starr. Accordingly, there was no merit to [Mr. Barker's] petition for error *coram nobis*, and we affirm the order of the circuit court.

(Doc. No. 7, Ex. G.)

Mr. Barker filed his current federal habeas Petition (Petition) on April 19, 2011. (Doc. No. 1.) In it, Mr. Barker argues that he was denied due process under the Fourteenth Amendment, by the State's failure "to disclose that Robert Starr was having a sexual relationship with the alleged victim and encouraging her to pursue charges against [Mr. Barker]." (*Id.*) Mr. Barker also contends that his due process rights were violated by "the State's failure to provide a complete an[d] accurate transcript of the hearing on the petition for writ of error *coram nobis* for review by the Arkansas Supreme Court" which prevented him from having a "meaningful appellate review." (*Id.*)

The Respondent filed a Response on June 27, 2011 (Doc. No. 7), contending that the Petition was filed outside of the one-year statute of limitations codified at 28 U.S.C. § 2244 and there is no basis for equitable tolling. (*Id.*) In the alternative, the Respondent argues that Mr. Barker's *Brady* violation claim does not rise to a constitutional violation and his claim that the Arkansas Supreme Court failed to conduct a meaningful review is not a cognizable habeas claim. (*Id.*)[3]

---

[3]In the Response, Respondent writes that Mr. Barker argues his due process rights were violated because (1) he was actually innocent; (2) the State failed to disclose that Starr sat with the

**II.    DISCUSSION**

The Court finds that Mr. Barker's Petition is barred by the statute of limitations in 28 U.S.C. § 2244(d). Title 28 U.S.C. § 2244(d)(1) and (d)(2) imposes a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The triggering date in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.

---

victim during her police interview; (3) he was not aware, at the time that he entered his plea of *nolo contendere*, of the extent of the sexual contact between the victim and Starr; (4) the State misled the extent of the sexual contact between Starr and the victim; (5) he was denied the opportunity to discover that Starr had inappropriately been touching the victim's genitals; and (6) crucial testimony was lost without a complete transcript of all testimony presented at the hearing. (Doc. No. 7.) The Court finds that the first five arguments all relate to his argument that the State withheld material evidence and will be treated as a singular argument.

§ 2244(d)(1)(A). Mr. Barker's conviction became final on September 30, 2003 – the date the judgment and commitment order was entered.[4] Therefore, the limitations period began running the next day – October 1, 2003.

Under Arkansas law, from the time the final judgment was entered by the circuit court on September 30, 2003, Mr. Barker had ninety days, or until December 29, 2003, to file a proper motion for post-conviction relief.[5] Typically, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted." 28 U.S.C. § 2244(d)(2). However, in this case, Mr. Barker did not file an application for post-conviction or other collateral review until May 7, 2007, almost three-and-one-half years later. Because Mr. Barker failed to file a timely motion for post-conviction relief, the statute of limitations did not toll during the period which his writ for error *coram nobis* was pending. See *Jackson v. Ault*, 452 F.3d 734, 735 (finding that "[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"). Therefore, the statute of limitations period did not stop running until Mr. Barker filed his instant Petition, almost nine years later.

---

[4]September 30, 2003, is the date Mr. Barker's conviction became final. Pursuant to Rule 1 of the ARKANSAS RULES OF APPELLATE PROCEDURE – CRIMINAL, "there shall be no [right of] appeal from a plea of guilty or *nolo contendere*." Because Mr. Barker entered a plea of *nole contedere*, he did not have the right to direct review of his case. Therefore, his conviction became final the date the Judgment and Commitment Orders were entered into the record. *See* Rule 58 of the ARKANSAS RULES OF CIVIL PROCEDURE; *Bradford v. State*, 351 Ark. 394, 401 (2003) (stating that "judgment and commitment order is not effective until it is entered of record").

[5]See ARKANSAS RULES OF CRIMINAL PROCEDURE, Rule 37.2 (c): [I]f a conviction was obtained on a plea of guilty, or the petitioner was found guilty at trial and did not appeal the judgment of conviction, a petition claiming relief under this rule must be filed in the appropriate circuit court within ninety (90) days of the date of entry of judgment. If the judgment was not entered of record within ten (10) days of the date sentence was pronounced, a petition under this rule must be filed within ninety (90) days of the date sentence was pronounced. "The ninety-day period for filing petitions also applies to pleas of *nolo contendere*." *Seaton v. State*, 324 Ark. 236, 237 (1996).

This Court provided Mr. Barker with an opportunity to address Respondent's statute of limitations argument. (Doc. No. 8.) In his Reply, Mr. Barker's counsel argues that § 2244(d)(1)(A) is not the triggering date, but rather, 2244(d)(1)(D) is the triggering date. (Doc. No. 12.) He claims that the issue before this Court "is whether the factual predicate of the claims presented could have been discovered through the exercise of due diligence." (*Id*.)  Mr. Barker contends that the importance of Robert Starr was unknown to him prior to entering his plea of *nolo contendere*. (*Id*.) Specifically, Mr. Barker argues that he should have been informed that Starr participated in the interview of the victim, that he was not made aware of the State Police policy regarding the interview of alleged minor victims, and that he was not told there was skin-to-skin contact. (*Id*.)

A petitioner seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006).  "Such extraordinary circumstances must not be attributable to the petitioner." *Riddle v. Kemna*, 523 F.3d 850, 587 (8th Cir. 2008).  In this case, based on the record before the Court, the undersigned cannot find that the delay in filing a timely habeas petition was beyond the control of Mr. Barker or that he has been diligently pursuing his rights. Based on the testimony at the writ of error *coram nobis* hearing and the findings of the Arkansas Supreme Court, Mr. Barker's trial counsel, Robert Crain, and Mr. Barker knew about Mr. Starr's arrest prior to Mr. Barker entering his *nolo contendere* plea. (Doc. No. 7, Exs. E, G.)  Moreover, he had received documents from the State concerning Starr's arrest and the charges, and news of Starr's arrest had made the front page of the local newspaper. (*Id*.) In fact, Starr was arrested on September 3, 2003, and Mr. Barker's counsel testified that he knew Starr had been arrested prior to Mr. Barker pleading *nolo contendere*. (Doc. No. 7, Ex. E.) Furthermore, Starr was listed as a defense witness because Mr. Crain thought "he was an integral

part in the reporting of the allegation, and [he] thought, at that time, there was some kind of a relationship going on between him and [the victim]." (*Id.*) It is apparent from Mr. Crain's testimony that Mr. Barker was aware of Starr's sexual abuse of the victim.

While Mr. Barker's counsel makes a strong argument in this case, it cannot be said that Mr. Barker was unaware of the factual predicate of his current habeas claims before he filed his writ of error *coram nobis*. After reviewing the evidence presented at the writ hearing, the Court finds that Mr. Barker was well aware of the involvement of Starr and the victim before he entered his plea. Even if Mr. Barker was not aware of Starr's involvement before he entered his plea, he was aware soon after. Because of this, the Court can not find that he is entitled to equitable tolling. Therefore, whether using the triggering date found in § 2244(d)(1)(A) or § 2244(d)(1)(D), this Court finds that Mr. Barker's Petition was filed well beyond the one-year statute of limitations period.

## III. CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Mr. Barker's § 2254 Petition (Doc. No. 1) is DISMISSED with prejudice, and the requested relief is DENIED.

2. A certificate of appealability is DENIED.

IT IS SO ORDERED this 16th day of September, 2011.

                                                                  _____
                                                                  JOE J. VOLPE
                                                                  UNITED STATES MAGISTRATE JUDGE